IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Atlantic Worldwide Shipping, LLC | § | Case No. 21-32642 |
| | § | |
| Debtor. | § | |

## OBJECTION TO CONFIRMATION OF DEBTOR'S SECOND AMENDED SUBCHAPTER V PLAN OF REORGANIZATION PURSUANT TO SECTION 1190 OF THE BANKRUPTCY CODE

Tiger Capital Group, LLC ("Tiger"), by and through its undersigned counsel, for its Objection to Confirmation of Second Amended Subchapter V Plan of Reorganization Pursuant to Section 1190 of the Bankruptcy Code states as follows:

1. Pre-petition the Debtor entered into a Future Receivables Sale and Purchase Agreement ("Agreement") with Tiger under which Tiger purchased $674,550.00 in Receipts, as that term is defined in the Agreement, from the Debtor. *See* Claim No. 17.

2. As the transaction between the Debtor and Tiger was a purchase and sale transaction, Tiger obtained a security interest in the Receipts it purchased that arose by operation of law and was perfected on attachment. *See* UCC §§1-201(37), 9-109(a)(3) and 9-309. Nevertheless, Tiger filed a UCC-1 Financing Statement on April 14, 2021, for the purpose of providing notice of the transaction. Thus, Tiger has a properly perfected security interest in the Receipts it purchased.

3. The Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on December 14, 2020. On the Petition Date, Tiger had not received all Receipts it purchased from the Debtor.[1]

4. The Debtor's Second Amended Subchapter V Plan of Reorganization Pursuant to Section 1190 of the Bankruptcy Code ("Plan") treats Tiger's claim as a general unsecured claim, despite the fact that Tiger's claim is actually fully secured.

5. Tiger objects to confirmation of the Plan because it does not provide for payment in full of its secured claim as required by 11 U.S.C. §1129(b)(2)(A)(i)(II).

6. The party challenging a claim under 11 U.S.C. §506(a), which is what it appears the Debtor is attempting to do through the Plan, has the burden of proof. *In re Heritage Highgate, Inc.*, 679 F.3d 132, 139–40 (3d Cir. 2012). In the context of 11 U.S.C. §506, the court does not value the property itself, but the creditor's interest in the property. *In re Saunders*, 112 B.R. 844, 845 (Bankr. W.D. Tex. 1990); *In re Raylin Dev. Co.,* 110 B.R. 259, 261 (Bankr. W.D. Tex. 1989). A valuation under 11 U.S.C. §506 must be made in light of the use of the property and from the point of view of what the property would be worth in the hands of the creditor. *Matter of Sandy Ridge Dev. Corp.,* 881 F.2d 1346, 1354 (5th Cir. 1989); *In re Spacek*, 112 B.R. 162, 163 (Bankr. W.D. Tex. 1990).

7. Due to the nature of the transaction between the Debtor and Tiger, value is not determined as of the petition date because Tiger's security interest is not subject to 11 U.S.C. §552 due to its security interest arising by operation of law, rather than via a security agreement.

---

[1] Tiger does not even believe the Receipts it purchased are property of the estate and can be used by the Debtor to reorganize, but, as it appears the Debtor is in need of the Receipts to operate, Tiger will consent to the Debtor's use and to receive the Receipts it purchased through the Plan as long as the Debtor plans to remit all Receipts purchased under the Plan.

8.     Further, the Debtor has not even sought to value Tiger's interest in the Receipts in this case.

9.     The reality is that as long as the Debtor continues to operate and generate Receipts, Tiger's claim is fully secured and should be treated as such.

**WHEREFORE**, Tiger respectfully requests that this Honorable Court deny confirmation of the Plan and grant such other and further relief as the Court deems just and proper.

Dated: January 18, 2022

>Respectfully Submitted,
>
>KAMINSKI LAW, PLLC
>
>*/s/ Shanna M. Kaminski*_____
>Shanna M. Kaminski (Michigan - P74013)
>P.O. Box 725220
>Berkley, MI 48072
>(248) 462-7111
>skaminski@kaminskilawpllc.com
>
>PADFIELD & STOUT, LLP
>420 Throckmorton Street, Ste. 1210
>Fort Worth, Texas 76102
>(817) 338-1616 phone
>(817) 338-1610 fax
>
>/s/ *Brandon J. Gibbons*
>Mark W. Stout
>State Bar I.D. #24008096
>mstout@padfieldstout.com
>Brandon J. Gibbons
>State Bar I.D. #24082516
>bgibbons@padfieldstout.com
>
>*Attorneys for Tiger Capital Group, LLC*

**CERTIFICATE OF SERVICE**

  The undersigned converted the foregoing document into an electronic image, via portable document format (.pdf), electronically submitted same to the Internet web portal for the Clerk of this Court utilizing the Electronic Management and Electronic Case Filing system of the Court, which has caused service, via Simple Mail Transfer Protocol (e-mail), of a Notice of Electronic Filing of this imaged document to the below-identified parties on Tuesday, January 18, 2022; said e-mail provides an attributable hyperlink to the document, in portable document format, except for Debtor(s), and any other entity so identified below or on the EM/ECF filing sheet, whereas in that instance such document was mailed via First Class United States Mail, to-wit:

| | |
|---|---|
| **Atlantic Worldwide Shipping, LLC**<br>10333 Harwin Drive<br>Suite 674<br>Houston, TX 77036<br><br>*Debtor* | **Robert C. Lane**<br>The Lane Law Firm<br>6200 Savoy Drive<br>Suite 1150<br>Houston, TX 77036<br><br>*Attorney for Debtor* |
| **Drew McManigle**<br>Subchapter V Trustee<br>700 Milam<br>Suite 1300<br>Houston, Texas 77002<br><br><br>*Trustee* | **U.S. Trustee**<br>Office of the US Trustee<br>515 Rusk Ave., Ste. 3516<br>Houston, Texas 77002 |
| **Stephen Douglas Stathan**<br>Office of the US Trustee<br>515 Rusk Ave., Ste. 3516<br>Houston, Texas 77002<br><br>*Attorney for US Trustee* | **All those receiving ECF notification in this case and the 20 largest unsecured creditors in this case.** |

        /s/ *Brandon J. Gibbons*
        Brandon J. Gibbons